## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JOHNNIE R. MARK                                         CIVIL ACTION

VERSUS                                                       NO.  18-740

DARREL VANNOY                                      SECTION "H"(2)

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I.    FACTUAL BACKGROUND

The petitioner, Johnnie R. Mark, is a convicted inmate currently incarcerated in the Louisiana State Penitentiary, in Angola, Louisiana.[2]  On May 31, 2012, Mark was indicted in Orleans Parish and charged with one count each of aggravated kidnapping and

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.  28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 1.

aggravated rape.[3]  The Louisiana Fourth Circuit Court of Appeal summarized the facts

determined at trial in relevant part as follows:

> In 1994, E.W.[FN1] lived with her father on the corner of Jackson
> Avenue and Robertson Street.  While walking through an alley to the rear of
> her house at approximately 3:00 a.m. on June 5, 1994, E.W. noticed a man
> using a payphone next to her house.  E.W. was struck in the back of her head
> and lost consciousness.  The perpetrator held her in a choke hold and threw her
> into a car.  At an abandoned location, the perpetrator stabbed E.W. in her arm,
> hand, and fingers.  After the beatings and knifing, the perpetrator forced E.W.
> to perform oral sex on him.  He then vaginally raped and sodomized E.W.
> FN1The victim is referred to by her initials to protect her
> privacy and assist in preventing public disclosure of her identity.

State v. Mark, 146 So. 3d 886, 891 (La. App. 4th Cir. 2014); State Record Volume 1 of 7,

Louisiana Fourth Circuit Opinion, 2013-KA-1110, at page 2, July 30, 2014.

Mark was tried before a jury in the state trial court on March 12 through 14, 2013,

and found guilty as charged on both counts.[4]  On May 1, 2013, the state trial court

sentenced Mark to serve concurrent sentences of life in prison without benefit of probation,

parole or suspension.[5]

On direct appeal to the Louisiana Fourth Circuit, Mark, through counsel, asserted

four errors:  The trial court erred by (1) denying his motion to continue trial so that his

counsel could investigate his 1983 aggravated burglary conviction, as to which the State

---

[3]St. Rec. Vol. 1 of 7, Indictment, 5/31/12.

[4]State v. Mark, 146 So. 3d at 892; St. Rec. Vol. 1 of 7, Docket Master; St. Rec. Vol. 6 of 7, Trial
Transcript, 3/14/13, at p. 75.

[5]St. Rec. Vol. 1 of 7, Docket Master; St. Rec. Vol. 3 of 7, Minute Entry, 5/1/13, at p. 33 of
Louisiana Fourth Circuit Court of Appeal record.

had provided notice of its intent to use only five days before trial; (2) allowing the State to

introduce evidence of another crime under La. Code Evid. art. 412.2 that was not sexual

in nature; (3) reversing its original ruling that had excluded the State's introduction of other

crimes evidence under La. Code Evid. art. 404(b); and (4) allowing the State to introduce

evidence of the aggravated burglary conviction when its prejudicial effect substantially

outweighed its probative value.[6] He also asserted in a pro se supplemental brief that (1) the

trial court erred in denying his motion for mistrial based upon E.W.'s highly emotional

state during her trial testimony; (2) his counsel provided ineffective assistance by failing

to (a) object to the validity of the test methodology under a <u>Daubert</u> analysis, (b) object to

the chain of custody of the rape kit and (c) retain a DNA expert; and (3) he was denied his

constitutional right to confront/cross-examine the analysts who performed the DNA

testing.[7] The Louisiana Fourth Circuit affirmed the conviction on July 30, 2014, finding

no merit in the claims.[8]

The Louisiana Supreme Court denied Mark's related writ application without stated

reasons on April 10, 2015.[9] His conviction became final under federal law ninety (90) days

_____

[6]<u>State v. Mark</u>, 146 So. 3d at 891; St. Rec. Vol. 4 of 7, 2013-KA-1110, Original Appeal Brief, filed 12/28/13.

[7]<u>State v. Mark</u>, 146 So. 3d at 891; St. Rec. Vol. 4 of 7, 2013-KA-1110, Supplemental Appeal Brief, dated 3/12/14, filed 3/17/14.

[8]<u>State v. Mark</u>, 146 So. 3d at 891; St. Rec. Vol. 4 of 7, Louisiana Fourth Circuit decision, 2013-KA-1110.

[9]<u>State v. Mark</u>, 163 So. 3d 807 (La. 2015); St. Rec. Vol. 1 of 7, La. S. Ct. Order, 2014-KO-1851, 4/10/15; St. Rec. Vol. 7 of 7, La. S. Ct. Order, 2014-KO-1851, 4/10/15; .

later on July 9, 2015, when he did not file a writ application with the United States Supreme Court.  See Erickson v. Davis, No. 16-20651, 2018 WL 3371829, at *2 (5th Cir. July 11, 2018) (quoting Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)) ("'[A] decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review.' . . .  'If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review.' . . . Therefore, the date [when petitioner's] conviction became final, and the date that must be used to calculate [his] one-year deadline for filing a § 2254 petition, is . . . 90 days after the" conviction became final in the state courts and he failed to seek certiorari in the United States Supreme Court.); U.S. Sup. Ct. Rule 13(1); accord Catchings v. Fisher, 815 F.3d 207, 209 (5th Cir. 2016); Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

On November 10, 2015, four months after his conviction became final, Mark signed and submitted to the state trial court an application for post-conviction relief asserting two claims:[10]  (1) The prosecution solicited false testimony by Detective Francis Jarrott at trial. (2) Mark was denied effective assistance when his counsel failed to impeach Detective Jarrott and to have evidence suppressed that was obtained based on Detective Jarrott's false affidavit in support of a search warrant.  On November 13, 2015, the state trial court denied the application, finding no merit in the claims.[11]

---

[10]St. Rec. Vol. 1 of 7, Application for Post-Conviction Relief, 11/10/15.

[11]St. Rec. Vol. 1 of 7, Minute Entry, 11/13/15; St. Rec. Vol. 1 of 7, Trial Court's Judgment, 11/13/15.

On February 12, 2016, the Louisiana Fourth Circuit denied Mark's related writ application without stated reasons. One judge concurred with reasons, stating that, although the state trial judge misunderstood Mark's allegations of error, that court reached the correct result because Mark failed to satisfy his burden to produce any evidence in support of his speculative allegations about Detective Jarrott.[12]  On May 26, 2017, the Louisiana Supreme Court denied Mark's related writ application, finding that his claim of prosecutorial misconduct was unsupported and that he failed to show that he received ineffective assistance of counsel.[13]

## II.    FEDERAL HABEAS PETITION

Eight months later, on January 24, 2018, the clerk of this court filed Mark's federal habeas corpus petition, in which he asserts the same two claims that he asserted in his state court application for post-conviction relief.[14]  The State filed an answer and memorandum in opposition to Mark's federal petition, asserting that the petition is time-barred and, alternatively, that Mark fails to identify any evidence that Detective Jarrott's statements at trial or in support of the search warrant were false.[15]

---

[12]St. Rec. Vol. 1 of 7, 4th Cir. Order, 2015-K-1379, 2/12/16.

[13]State ex rel. Mark v. State, 220 So. 3d 709 (La. 2017); St. Rec. Vol. 7 of 7, La. S. Ct. Order, 2016-KH-0405, 5/26/17; La. S. Ct. Writ Application, 2016-KH-0405, filed 3/4/13 (dated 2/24/13); La. S. Ct. Letter, 2016-KH-0405, 5/26/17.

[14]Rec. Doc. No. 1.

[15]Rec. Doc. No. 12.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No.

104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[16] and applies

to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir.

1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to

Mark's petition, which, for reasons discussed below, is deemed filed on January 24, 2018.[17]

The threshold questions in habeas review under the amended statute are whether the

petition is timely and whether petitioner's claims were adjudicated on the merits in state

court; i.e., the petitioner must have exhausted state court remedies and must not be in

---

[16]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[17]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  Starns v. Andrews, 524 F.3d 612, 616 n.1 (5th Cir. 2008); Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Mark's undated petition on January 24, 2018.  Although Mark's certificate of service of his petition, Record Doc. No. 1 at p. 39, and his accompanying cover letter to this court are dated January 11, 2018, his cover letter was stamped received by the prison's Legal Programs Department on January 24, 2018, and was also stamped as scanned and emailed to this court the same day.  Record Doc. No. 1-2 at p. 50; see also Record Doc. No. 1-2 at p. 18 (email from "Angola E-Filing" to efile-prose@laed.uscourts.gov dated 1/24/18, transmitting attached document,).  Thus, January 24, 2018 is the date on which Mark is deemed to have submitted the pleadings to prison officials for mailing.  O'Neal v. Cain, 615 F. App'x 233, 234 (5th Cir. 2015) (citing Medley v. Thaler, 660 F.3d 833, 840 (5th Cir. 2011); Coleman, 184 F.3d at 401).

"procedural default" on a claim.  <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997)

(citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record establishes that Mark's federal petition was not

timely filed, although the court State asserts that it was filed one day late and this court

finds that it was actually two days late.  Mark's petition should therefore be dismissed as

time-barred.

IV.    <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one

year of the date the conviction became final.[18]  <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80

(2001).  Mark's conviction became final on July 9, 2015, which was 90 days after the

Louisiana Supreme Court denied his direct appeal writ application on April 10, 2015.  In

his petition, Mark incorrectly calculates this date as July <u>10</u>, 2015, a date that is 9<u>1</u> calendar

---

[18]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other
triggers which do not apply here:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus
    by a person in custody pursuant to the judgment of a State court.  The limitation period
    shall run from the latest of--
        A.    the date on which the judgment became final by the conclusion of direct review
              or the expiration of the time for seeking such review;
        B.    the date on which the impediment to filing an application created by State action
              in violation of the Constitution or laws of the United States is removed, if the
              applicant was prevented from filing by such State actions;
        C.    the date on which the constitutional right asserted was initially recognized by the
              Supreme Court, if the right has been newly recognized by the Supreme Court
              and made retroactively applicable to cases on collateral review;  or
        D.    the date on which the factual predicate of the claim or claims presented could
              have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other
    collateral review with respect to the pertinent judgment or claim is pending shall not be
    counted toward any period of limitation under this subsection.

days after the Louisiana Supreme Court affirmed his conviction.  Applying Section 2244

literally, Mark had one year from finality of his conviction, until July 9, 2016, to file his

federal habeas corpus petition, which he did not do.  His petition must be dismissed as

untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in

either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of

limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner

has pursued his rights diligently and rare or extraordinary circumstances exist that

prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); accord Palacios,

723 F.3d at 604 (citing Holland v. Florida, 560 U.S. 631, 649 (2010); Manning v. Epps, 688

F.3d 177, 183 (5th Cir. 2012)); Fisher v. Johnson, 174 F.3d 710, 713-14 (5th Cir. 1999)

(citing Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998); Cantu-Tzin v. Johnson, 162

F.3d 295, 299-300 (5th Cir. 1998)).  Equitable tolling is warranted only when the petitioner

was actively misled or was prevented in some extraordinary way from asserting his rights.

Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Mark has asserted no reason, and I can find none, that might constitute rare or

exceptional circumstances why the one-year statute of limitations period should be

considered equitably tolled in his case.  The record does not establish circumstances that

might fit the restrictive boundaries of "exceptional circumstances" described in binding

precedent to warrant equitable tolling in this case.  See Holland, 560 U.S. at 651-54

8

(equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and failing to communicate with the client over a period of years despite the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling warranted where petitioner suffered significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed

9

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under

this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this

provision does not create a new, full, one-year term within which a federal habeas petition

may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154

F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute.

Duncan, 533 U.S. at 175-78.

The decisions of the Fifth Circuit and other federal courts have held that, because

this statute is a tolling provision, the time during which state court post-conviction

proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed
> state habeas application is pending must be excluded when calculating the
> one[-]year period. Under the plain language of the statute, any time that
> passed between the time that [petitioner's] conviction became final and the
> time that his state application for habeas corpus was properly filed must be
> counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Gonzalez v. Thaler, 623 F.3d 222, 224-25 (5th Cir.

2010), aff'd, 565 U.S. 134 (2012); Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926,

at *1 (4th Cir. Aug. 27, 1998); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the

meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable

procedural filing requirements,'" such as timeliness and location of filing. Mathis v.

Thaler, 616 F.3d 461, 471 (5th Cir. 2010) (quoting Villegas v. Johnson, 184 F.3d 467, 470

(5th Cir. 1999)); see Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); accord Williams v. Cain, 217 F.3d 303, 306-07, 308 n.4 (5th Cir. 2000) (citing Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000); Villegas, 184 F.3d at 469).  The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  Carey v. Saffold, 536 U.S. 214, 219-20 (2002); see Williams, 217 F.3d at 310 (quotation omitted) (matter is "pending" for Section 2244(d)(2) purposes until "further appellate review [is] unavailable under [Louisiana's] procedures").

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment that is later challenged in the federal habeas petition.  See Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was "other collateral review" even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims

11

now being raised in the federal petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Mark's case, the one-year AEDPA statute of limitations began to run on July 10, 2015, the day after his conviction was final under federal law.  One hundred and twenty-four  (124) days of the prescriptive period elapsed before he filed his application for post-conviction relief in the state trial court on November 10, 2015,[19] when tolling of the limitations period began.  Nothing in the record supports Mark's allegation in his federal habeas petition that he submitted his post-conviction relief application to prison officials for mailing on November 9, 2015 (which, if true, would be deemed his filing date under the mailbox rule that also applies to Louisiana state court pleadings.  Richards v. Thaler, 710 F.3d 573, 577 (5th Cir. 2013) (citing Causey v. Cain, 450 F.3d 601, 606-07 (5th Cir. 2006))).  Throughout the state court record, every copy of Mark's post-conviction relief application, as well as his affidavit in support of the application and his accompanying cover letter to the state trial court, are all dated November 10, 2015.[20]  Just like every other

---

[19]St. Rec. Vol. 1 of 7, Application for Post-Conviction Relief dated 11/10/15; St. Rec. Vol. 7 of 7, Application for Post-Conviction Relief dated 11/10/15, attached as exhibits to Louisiana Supreme Court writ application, 2016-KH-1405, and to Louisiana Fourth Circuit writ application, 2015-K-1379.

[20]Mark may have picked up the incorrect date from the concurrence in the Fourth Circuit Court of Appeal's subsequent writ denial on February 12, 2016, which stated incorrectly and in dicta that Mark had filed his post-conviction relief application on November 9, 2015.  St. Rec. Vol. 1 of 7, Fourth Circuit Order, 2015-K-1379, 2/12/16, concurring opinion at n.1; St. Rec. Vol. 7 of 7, Fourth Circuit Order, 2015-K-1379, 2/12/16, concurring opinion at n.1.

copy in the record, the copy of his application that he attached to his federal habeas petition bears the same date.[21]

On November 10, 2015, when Mark filed his post-conviction application in the state trial court, 241 days (365 minus 124) remained[22] in the one-year prescriptive period. His post-conviction application and related review remained pending in the state courts until May 26, 2017, when the Louisiana Supreme Court denied his writ application. The AEDPA one-year limitations period began to run again the next day, May 27, 2017, and did so uninterrupted for 241 days, until January 22, 2018, when it expired. Mark had no other properly filed application for state post-conviction relief or other collateral review during that time period that might have tolled the AEDPA one-year statute of limitations.

Therefore, under the mailbox rule, Mark's federal petition is deemed filed on January 24, 2018, which was two days after the AEDPA one-year statute of limitations expired on January 22, 2018. As previously stated, Mark's cover letter to this court is dated January 11, 2018, but it was stamped received by the prison's Legal Programs Department on January 24, 2018, and was stamped as scanned and emailed to this court the same day. Record Doc. No. 1-2 at pp. 18, 50. Therefore, January 24, 2018 is the date on which Mark

---

[21]Record Doc. No. 1-2 at pp. 5, 6.

[22]In its opposition to Mark's federal habeas petition, the State incorrectly calculated the number of days of the limitations period that ran before Mark filed his post-conviction relief application in the state trial court at 123 days and the remaining limitations period as 242 days. The State thus concluded that the limitations period expired on January 23, 2018, and that Mark's habeas corpus petition was filed one day late on January 24, 2018. Record Doc. No. 12 at p. 5.

is deemed to have submitted the pleadings to prison officials for mailing. O'Neal, 615 F. App'x at 234 (citing Medley, 660 F.3d at 840; Coleman, 184 F.3d at 401); England v. Cain, No. 15-0961, 2015 WL 5971196, at *4 n.33 (E.D. La. Oct. 14, 2015); Smith v. Cain, No. 12-1014, 2014 WL 2898457, at *2 n.20 (E.D. La. June 26, 2014) (district judge's opinion adopting magistrate judge's report and recommendation); see id. at *6 n.16 (magistrate judge's report and recommendation) (Although habeas corpus "petitioner self-dated his federal application as having been signed on [a particular date], . . . the official date-stamp of the Legal Programs Department establishes when petitioner gave his application to prison officials for transmission to this Court" one month later.); cf. Posey v. Rogers, No. 13-285-JWD-RLB, 2018 WL 265584, at *1 (M.D. La. Jan. 2, 2018) (rejecting petitioner's "conclusory affidavit that is unsupported and contradicted by the record" that she had submitted her writ application to the Louisiana Supreme Court to prison officials for mailing on a certain date, when her statement was contradicted by the prison's mail log showing a later date of receipt); United States v. Duran, No. 6:14-138, 2017 WL 1148941, at *1-2 (W.D. La. Mar. 8, 2017), report & recommendation adopted, 2017 WL 1157871 (W.D. La. Mar. 27, 2017) (Although the mailbox rule and one-year statute of limitations applied to defendant's motion to correct illegal sentence pursuant to 28 U.S.C. § 2255, and he signed and verified his motion before the expiration of the one-year period, the motion was untimely because it was postmarked after the limitations period expired.).

14

Although Mark's delay was not lengthy, "the magnitude of [a petitioner's] tardiness" is not a proper consideration in determining the timeliness of a federal habeas application. See Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002) (missing the AEDPA deadline by even one day nevertheless renders a federal petition untimely); see also In re Lewis, 484 F.3d 793, 796 (5th Cir. 2007) (authorization to file a successive habeas application denied because it was filed one day too late).  Mark filed his habeas petition two days after the expiration of the AEDPA deadline, circumstances in which the Fifth Circuit "consistently ha[s] denied tolling."  Lookingbill, 293 F.3d at 265.

Accordingly, Mark's federal habeas petition was not timely filed and must be dismissed with prejudice for that reason.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Johnnie R. Mark's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[23]

New Orleans, Louisiana, this ____10th____ day of August, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[23]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

16